UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-81390-KAM

ROBERT C. FURR, Chapter 7 Trustee for the
Bankruptcy Estate of Rollaguard Security, LLC et al.,

Appellant,

v.

TD BANK, N.A, JPMORGAN CHASE BANK, N.A.,
and PNC BANK, N.A.,

Appellees.
_____/

## **OPINION AND ORDER**

This cause is before the Court on the appeal by Robert C. Furr, the Chapter 7 Trustee, ("Appellant" "Trustee") of the bankruptcy court's October 1, 2018 Omnibus Order on Plaintiff's Request for Leave to File Amended Complaints. The Court has carefully considered the appeal, the briefs of the parties, the entire record on appeal, and is otherwise fully advised in the premises.

I.  Background

The facts, based upon Appellant and Appellee's statement of facts in their appellate briefs and the appellate record, are as follows:

On December 29, 2016, the Trustee ("Appellant" "Trustee") sued Defendants TD Bank, N.A., JPMorgan Chase Bank N.A., PNC Bank, N.A. ("Appellees" "Defendants") alleging they had knowingly facilitated the fraud of Anthony Simpson, an individual who controlled, in whole or in part, the debtors Rollaguard Security, LLC, Shamrock Jewelers, Inc., Shamrock Jewelers

Loan & Guarantee, LLC. Count one and two of the complaints sought to recover the Debtors' deposits with the Defendant banks as fraudulent transfers under the bankruptcy code and the Florida law. Counts three and four asserted claims for aiding and abetting conversion. Count five asserted a claim for negligence and wire transfer liability.

On March 16, 2017, Defendants moved under Rule 12(b)(6) to dismiss the complaints, which the bankruptcy court dismissed with prejudice on July 27, 2017. On August 10, 2017, the Trustee filed an omnibus motion to reconsider and for leave to file proposed amended complaints. The bankruptcy court denied the Trustee's motion on August 30, 2017.

The Trustee appealed the bankruptcy court's rulings to this Court and the Court entered an Order reversing the bankruptcy court, published as Furr v. TD Bank, N.A., 587 B.R. 743 (S.D. Fla. 2018), ruling that the bankruptcy court erred by failing to apply the correct standard for leave to amend and remanded the case for the bankruptcy court to consider the proposed pleading under the proper standard.

After remand, the bankruptcy court again denied the Trustee leave to amend as futile. The bankruptcy court ruled that deposits to the Debtors' own restricted accounts are not transfers, the allegations did not show that the alleged transfers were made with the intent to defraud creditors, and that the Trustee's aiding and abetting claims did not support a plausible inference of Defendants' knowledge or substantial assistance of Simpson's fraud.

II. Legal Standard

The bankruptcy court denied the Trustee's motion for leave to amend upon determining that the proposed amended complaints were futile. The Court reviews that determination de novo. Chang v. JPMorgan Chase Bank, N.A., 845 F.3d 1087, 1094 (11th Cir. 2017); Cockrell v.

Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007). The Court generally reviews a bankruptcy court's decision to grant or deny leave to amend a deficient pleading for an abuse of discretion. In re Fundamental Long Term Care, Inc., 873 F.3d 1325, 1335 (11th Cir. 2017), cert. denied sub nom. Estate of Jackson v. Schron, 139 S. Ct. 210 (2018).

III. Discussion

The bankruptcy court held that the Debtors' deposits into their own unrestricted bank accounts maintained at the Defendants' banks do not constitute transfers within the meaning of that term under section 11 U.S.C. §101(54) or Florida Statute § 726.102(14) and therefore could not form the basis of the Trustee's fraudulent transfer claims. The Trustee argues that the bankruptcy court erred in determining that the fraudulent transfer claims were futile.

The Court agrees with the bankruptcy court that a transfer into a Debtor's unrestricted bank account is not a transfer. Section 101(54) defines "transfer" in pertinent part, as any "mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing or parting with . . . property; or . . . an interest in property. 11 U.S.C. §101(54)(D)(i)-(ii). Florida law defines the term "transfer" as: "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset." Florida Statute § 726.102(14).

When a debtor endorses a check for deposit or directs a wire by a third party into its own unrestricted bank account, the debtor has not "disposed" or "parted with" any interest in the right to payment or credit represented by the check or wire, and, therefore, no "transfer" has occurred. See Mayo v. Pioneer Bank & Tr. Co., 270 F.2d 823, 837 n.21 (5th Cir. 1959) ("Ordinarily a

3

deposit in a bank is not a transfer");[1] Ivey v. First Citizens Bank & Tr. Co. (In re Whitley), 848 F.3d 205, 210 (4th Cir. 2017) (holding that "when a debtor deposits or receives a wire transfer of funds into his own unrestricted checking account in the regular course of business, he has not transferred those funds to the bank that operates the account [because] the debtor is still free to access those funds at will"); Malloy, III v. Citizens Bank of Sapulpa (In re First Sec. Mortg. Co.), 33 F.3d 42, 44 (10th Cir. 1994) (no transfer under bankruptcy law because "the bank held the funds it received 'only for the purpose of fulfilling an instruction to make the funds available to someone else'"); In re Prescott, 805 F.2d 719, 729 (7th Cir. 1986) (holding that "to the extent a deposit is made into an unrestricted checking account, in the regular course of business and withdrawable at the depositor's will, it is not avoidable by the trustee"); Katz v. First Nat'l Bank of Glen Head, 568 F.2d 964, 969 (2d Cir. 1977) ("It is well settled that deposits in an unrestricted checking account, made in the regular course of business, do not constitute transfers within the meaning of the Bankruptcy Act.").

Lower courts in this Circuit have agreed with these decisions. See, e.g., Meridian Tr. Co. v. Batista, No. 17-23051, 2018 WL 4693533, at *9 (S.D. Fla. Sept. 26, 2018) (dismissing FUFTA claim against depository bank); In re Mongelluzzi, 591 B.R. 480, 493 (Bankr. M.D. Fla. 2018) ("deposits are not transfers because the customer is not 'truly disposing' of the deposited funds, but instead retains 'complete autonomy' and the 'unfettered ability to withdraw' the deposited funds); Isaiah v. JPMorgan Chase Bank, N.A., No. 16-CIV-21771, 2017 WL 5514370,

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

4

at *2 (S.D. Fla. Nov. 15, 2017), appeal filed, No. 17-15585 (11th Cir. Dec. 15, 2017) ("[t]here does not appear to be any set of facts that could support a FUFTA claim against a bank, particularly if that bank was only providing routine banking services to an alleged FUFTA debtor and not taking control and dominion over the funds in question."); In re Anderson, 561 B.R. 230, 242 (Bankr. M.D. Fla. 2016) ("transfers between accounts owned by the Trust to other accounts owned by the Trust cannot be avoided as transfers because dominion and control of the accounts were never relinquished") (internal parenthesis omitted); Wiand v. Wells Fargo Bank, N.A., 86 F. Supp. 3d 1316, 1328 (M.D. Fla. 2015), aff'd sub nom. Wiand v. Wells Fargo Bank, N.A., Inc., 677 F. App'x 573 (11th Cir. 2017) (transfers made into and amongst unrestricted bank accounts were not fraudulent transfers under FUFTA when hedge fund manager never disposed of or parted with funds).

Significantly, the Eleventh Circuit has not addressed this issue. The Eleventh Circuit cases relied upon by the Trustee for the position that deposits can give rise to fraudulent transfer liability do not litigate the issue of whether a transfer occurred. Instead, those cases proceeded on the assumption that a transfer occurred and other issues surrounding fraudulent transfers were litigated. See, e.g., Perlman v. Bank of Am., N.A., 561 F. App'x 810, 813 (11th Cir. 2014); Perlman v. Wells Fargo Bank, N.A., 559 F. App'x 988, 994 (11th Cir. 2014); In re Harwell, 628 F.3d 1312 (11th Cir. 2010).

In any event, the bankruptcy court correctly followed the overwhelming and persuasive case law on this issue. Indeed, it would be inconsistent to hold banks potentially liable as transferees of initial deposits made in the unrestricted bank accounts of their depositors when the law in Florida does not require the banking institution to investigate transactions. Lawrence v.

5

Bank of America, N.A., 455 F. App'x. 904, 907 (11th Cir. 2012).

Next, with respect to those portions of counts one and two of the amended complaints related to the satisfaction of overdrafts, the inquiry is different because the bank is making a loan to a customer and the satisfaction of a bank overdraft is a potentially avoidable transfer. The bankruptcy court correctly found, however, that the proposed complaints failed to provide sufficient allegations that either the original deposits into the Debtors' accounts, or the Debtors' satisfaction of overdrafts in their accounts, were made with the intent to defraud creditors.

For these reasons, the Court affirms the bankruptcy court's ruling that the proposed amendments to the complaints would be futile because the transfers into a debtor's unrestricted account are not transfers and there are insufficient allegations that the overdrafts were made with an intent to defraud.

Lastly, with respect to counts three, four, six and seven,[2] the Court agrees with the bankruptcy court that the proposed amendments contained insufficient allegations to demonstrate actual knowledge of wrongdoing on the part of Defendants, and with the conclusion that at this point in the proceedings, granting leave to amend would be futile.

IV. Conclusion

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that the decision on appeal of the bankruptcy court is **AFFIRMED**. This case is **CLOSED**, and all pending motions

---

[2] The Trustee does not challenge the bankruptcy court's dismissal of count five of the proposed complaints.

are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of September, 2019.

                                                                             _____
                                                                             KENNETH A. MARRA
                                                                             United States District Judge